JERROLD M. METCOFF ET AL. *v.* NCT
GROUP, INC., ET AL.*

Superior Court, Complex Litigation Docket at Waterbury
File No. X06-CV-04-0184701-S

Memorandum filed March 1, 2011

*Proceedings*

*Michael P. Berman* and *Suzanne LaPlante*, for the plaintiffs.

*Edward T. Krumeich*, for the defendant Michael J. Parrella, Sr.

STEVENS, J. The following paragraph appears [at *Metcoff* v. *NCT Group, Inc.*, 52 Conn. Sup. 363, 387, 50 A.3d 1004 (2011)], less the acronym "CUTPA," which has been deleted and replaced in bold lettering with the phrase "common-law punitive damages," and this correction shall be made a part of the original memorandum of decision filed on February 17, 2011, and copied to all counsel and the reporter of judicial decisions on that date.

Based on the court's award of attorney fees and punitive damages under CUTPA, the court declines to award common-law punitive damages except as follows. The plaintiffs incurred $42,722 in "non-taxable" expenses not recoverable under CUTPA. See *Taylor* v. *King*,

---

* Affirmed. *Metcoff* v. *NCT Group, Inc.*, 137 Conn. App. 578, 49 A.3d 282 (2012).

supra, 121 Conn. App. 105. Although such "non-taxable" expenses are not recoverable under CUTPA, they are recoverable as part of an award for common-law punitive damages. These expenses should be awarded to the plaintiffs with a reasonable and appropriate reduction in order for the recovery to reflect an amount fairly attributable to the prosecution of the **common-law punitive damages** claim. For the reasons similar to those justifying a 60 percent reduction of the plaintiffs' attorney fees, the court awards punitive damages based on the plaintiffs' "non-taxable" costs in an amount totaling $17,089. Consequently, the court awards punitive damages against Parrella, NCT Group and NCT Midcore and in favor of Metcoff in the amount of $8544.50 and in favor of Wilson in the amount of $8544.50.